## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **WILLARD MALLARD,** | ) |
| **Petitioner,** | ) |
| v. | ) CIVIL ACTION NO. 5:14-13094 |
| **M. COLLINS, Warden,** *et al.*, | ) |
| **Respondents.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Motion to Proceeding Without Prepayment of Fees or Costs (Document No. 1) and Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document Nos. 2 and 3.).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.) Having examined Petitioner's Motion and Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Motion and Application should be denied.

### FACT AND PROCEDURE

On March 13, 2003, Petitioner pled guilty in the United States District Court for the Western District of Washington to eight counts of armed bank robbery (Counts 1, 2, 3, 4, 5, 6, 8, and 9), in violation of 18 U.S.C. § 2113(a) and (d); and one count of use of a firearm during a crime of violence (Count 7), in violation of 18 U.S.C. § 924(c)(1)(A). United States v. Mallard, Case No.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2:03-cr-00014 (W.D.Wash. Nov. 23, 2004), Document No. 21. On November 23, 2004, the District Court sentenced Petitioner to a total term of 171 months imprisonment to be followed by a five year term of supervised release. Id., Document No. 73. The District Court also imposed an $800 special assessment and imposed restitution in the amount of $49,718.28. Id., Document No. 73, 81, and 84. Petitioner filed his Notice of Appeal on November 30, 2004. Id., Document No. 73. On October 17, 2005, the Ninth Circuit Court of Appeals granted the United States' unopposed motion to vacate and remand to the District Court in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Id., Document No. 93. By Order entered on January 27, 2006, the District Court determined that "there would be no material difference in Petitioner's sentence had the Court considered factors that were previously disfavored or forbidden by the Guidelines." Id., Document No. 98. On November 21, 2013, Petitioner filed a Motion to Amend Judgment requesting that the District Court recommend 12 months RRC placement. Id., Document No. 100. The United States filed its Response on November 29, 2013. Id., Document No. 101. By Order entered on December 5, 2013, the Western District of Washington denied Petitioner's Motion. Id., Document No. 102.

On March 25, 2014, Petitioner, acting *pro se* and incarcerated at FCI Beckley, located in Beaver, West Virginia, filed his instant Motion to Proceed Without Prepayment of Fees and Costs, an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody, and Memorandum in Support. (Document Nos. 1 - 3.) In his Petition, Petitioner alleges that the BOP is improperly attempting to collect restitution payments from Petitioner through the Inmate Financial Responsibility Program [IFRP] because the Sentencing Court did not set a schedule of payments. (Document No. 2, p. 6 and Document No. 3, p. 6.) Petitioner argues that the Sentencing Court "cannot delegate its authority to the BOP for collection of payments through the IFRP." (Id.)

Petitioner contends that "a lawful order of restitution was not established" because the Sentencing Court failed to set a schedule for payment of restitution during his imprisonment as required by the Mandatory Victims Restitution Act ["MVRA"]. (Id.) Petitioner complains that the Judgment Order merely stated that his special assessment and restitution were due "immediately" and "shall be paid during the period of imprisonment pursuant to the BOP's Inmate Financial Responsibility Program." (Document No. 3, pp. 1 - 2.) Citing United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005) and Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), Petitioner contends that the Sentencing Court failed to "set forth a proper payment schedule in the restitution order" because the Sentencing Court merely ordered that payment was due "immediately." (Id., p. 6.) Petitioner states that he arrived at FCI Beckley on March 12, 2013, and on March 19, 2013, his Unit Team initiated an IFRP plan of $25.00 a quarter beginning on June 1, 2013. (Id., p. 2.) Petitioner asserts that he "does not have enough institution earnings or trust fund account deposits to make a minimum IFRP payment of $25 per quarter after applying the formula set forth in Program Statement [5380.08]." (Id., p. 3.) Thus, Petitioner concludes that the Sentencing Court improperly delegated its authority to the BOP for collection of payments through the IFRP. (Id., pp. 6 - 8.) As relief, Petitioner requests that the Court "issue a Writ of Habeas Corpus commanding Respondent to cease collecting payments, or attempted collection of payments through the IFRP program from him on the basis that the BOP does not have the authority to require him to pay his restitution because the Sentencing Court did not fix a restitution payment schedule for his period of imprisonment pursuant to 18 U.S.C. § 3664(f)(2) and place Petitioner on 'no obligation' status or 'IFRP Exempt.'"[2] (Id., p. 8.)

---

[2] P.S. 5380.08, Section 8(b)(1), provides that "[o]rdinarily, the minimum payment for non-UNICOR and UNICOR grade 5 inmates will be $25.00 per quarter." Section 9(b) provides as follows: "'No Obligation' is entered for an inmate when there is no documented financial obligation." Section

As Exhibits, Petitioner attaches the following: (1) A copy of page 8 of his Judgment Order (Id., p. 11.) ; (2) A copy of pertinent pages from Program Statement ["P.S."] 5380.08 (Id., pp. 12 - 13, 23.); (3) A copy of Petitioner's "Request for Administrative Remedy Informal Resolution Form" dated April 17, 2013 (Id., p. 14.); (4) A copy of Petitioner's "Request for Administrative Remedy" dated April 17, 2013 (Id., p. 15.); (5) A copy of Warden Joel Ziegler's Response dated May 9, 2013 (Id., p. 16.); (6) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated May 10, 2013 (Id., p. 17.); (7) A copy of Regional Director C. Eichenlaub's Response dated June 13, 2013 (Id., p. 18.); (8) A copy of Petitioner's "Inmate Inquiry" dated May 10, 2013 (Id., pp. 19 - 20.); and (9) A copy of pertinent pages from Petitioner's sentencing transcripts (Id., pp. 21 - 22.).

Also on March 25, 2014, Petitioner paid his $5.00 filing fee. (Document No. 5.)

## ANALYSIS

**1.    Challenge to Sentencing Order:**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court

---

9(e) provides as follows: "'Temporarily Exempt from Participation' will be entered for an inmate who is unable to participate adequately toward satisfaction of the obligation, ordinarily because of medical or psychological restrictions which prevent the inmate from working. This assignment is at the Unit Team's discretion and may also be used for an inmate who is unable to secure employment in UNICOR or advance beyond maintenance pay due to conditions beyond the inmate's control (overcrowding, institution need, limited financial resources, special circumstances, etc.)." Petitioner appears to acknowledge that he received the minimum IFRP payment of $25.00 per quarter. The undersigned finds no evidence that BOP's officials abused their discretion in denying Petitioner "No Obligation" or "Temporarily Exempt" status. Furthermore, BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation. *See Myers v. Klevenhager*, 97 F.3d 91, 94 (5th Cir 1996); *Giovanni v. Lynn*, 48 F.3d 908, 913 (5th Cir. 1995), *cert. denied*, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. *Sandin v. Conner*, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241.

In the instant case, Petitioner argues that the restitution portion of his Judgment Order is unlawful. Citing United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005) ["Gunning II"] and Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), Petitioner contends that the Sentencing Court entered its

5

Judgment Order in violation of MVRA, 18 U.S.C. §§ 3663-64. Thus, Petitioner is clearly challenging the validity of his sentence. The undersigned notes, however, that Section 2255 is not an available means to challenge solely the restitution portion of a sentence.[3] United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999). Therefore, to the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this

---

[3] Although Petitioner was convicted and sentenced in the Western District of Washington that is located within the Ninth Circuit, the undersigned notes that Petitioner was sentenced prior to the decisions in *Gunning II* and *Ward*.

circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Gunning and Ward does not meet the requirements of the saving clause. See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Fontanez v. O'Brien, 2014 WL 5343568, * 6 -7 (N.D.W.Va. Oct. 20, 2014)(finding that Section 2241 was an improper means to challenge the validity of petitioner's sentencing order where

petitioner claimed the sentencing court failed to comply with the requirements of MVRA); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed to the extent he alleges that his Judgment Order is unlawful.

**2.    Challenge to IFRP:**

Petitioner alleges that the BOP is improperly attempting to collect restitution payments through the IFRP because the Sentencing Court did not set a schedule of payments. Citing Gunning II and Ward, Petitioner contends that the BOP cannot collect restitution payments based upon the Sentencing Court's determination that payment was "due immediately."

In Gunning II, the Ninth Circuit held that "the district court must determine the restitution payment schedule." Gunning II, 401 F.3d at 1150. Specifically, the Ninth Circuit determined that the district court impermissibly delegated its authority to set a payment schedule to the BOP by ordering that restitution was "payable immediately, but with the unpaid amount to be paid . . . during the time of his imprisonment, it was to be paid through the BOP Inmate Financial Responsibility Program." Id. In Ward, the Ninth Circuit held that "if the defendant is unable to pay restitution immediately,

the court cannot simply order 'immediate' repayment and leave the details of the actual payment schedule to the BOP." Ward, 678 F.3d at 1052. Specifically, the Ninth Circuit determined that the district court's order that defendant's restitution was due and payable immediately, without setting forth a proper payment schedule, was unlawful and the BOP lacked authority to collect restitution payments through IFRP. Id.

Based upon Gunning II and Ward, the BOP lacks authority to collect restitution payments from a petitioner incarcerated in the Ninth Circuit unless the restitution order sets forth a payment schedule. See Willis v. Apker, 2014 WL 4954457, * 1 (D.Ariz. Sep. 30, 2014)("In the Ninth Circuit, 'the BOP lack the authority to collect restitution payments from the petitioner' unless the petitioner's restitution order sets forth a payment schedule"); Quinonez v. McGrew, 2014 WL 7014091, * 4 (C.D.Cal. Oct. 23, 2014)(noting that "following *Ward* the BOP issued a notice to all inmates housed in the Ninth Circuit that they could request review of restitution orders without a court-ordered payment schedule"). Gunning II and Ward, however, are non-binding authority within this District. Although Petitioner was convicted within the Ninth Circuit, Petitioner is currently incarcerated within the Fourth Circuit. Similar to the Ninth Circuit, the Fourth Circuit has recognized that 18 U.S.C. § 3663 imposes a nondelegable, "core judicial function" upon the sentencing court to set the amount and time of restitution payments. United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). The Fourth Circuit, however, has recognized that when the Sentencing Court orders that payment is due immediately, the Sentencing Court sets the required amount and timing for payment of the criminal monetary penalty. See United States v. Caudle, 261 Fed.Appx. 501, 504 (4th Cir. Jan. 10, 2008). Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. Coleman v. Brooks, 133 Fed.Appx.

9

51, 53 (4th Cir. 2005). In the instant case, the Sentencing Court ordered that the payment of Petitioner's total criminal monetary penalties were "due immediately." Mallard, Case No. 2:03-cr-0014, Document No. 84, p. 8. Thus, the BOP through IFRP determined that Petitioner had the ability to pay $25 a quarter. The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by court order.[4] See 28 C.F.R. § 545.10-545.11. See Webb v. Hamidullah, 2006 WL 1946441 (D.S.C. Jul. 11, 2006)(unpublished)(finding that IFRP is not an improper delegation of a judicial function because IFRP merely provides an inmate with a vehicle for ensuring that payment is made). The BOP's establishment of a payment schedule under IFRP does not constitute an improper delegation of authority by the Courts. See United States v. Watkins, 161 Fed.Appx. 337 (4th Cir. 2006); Martin v. United States, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order'"). Therefore, Petitioner's claim that the BOP is improperly attempting to collect restitution payments from Petitioner through IFRP because the Sentencing Court did not set a schedule of payments is without merit.

---

[4] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Id.* Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's process in IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11.

To the extent Petitioner is contending the BOP's use of IFRP is violating his due process right, the undersigned finds his claim to be without merit. See Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2nd Cir. 1990)(finding that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation"). The compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. Id.; also see Cupp v. Reed, 2009 WL 277554 (N.D.W.Va. Feb. 5, 2009)(finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution").

Finally, Petitioner appears to seek modification of his restitution order pursuant to 18 U.S.C. § 3664(k). In support, Petitioner appears to argue that his financial circumstances have changed and he financially unable to make a restitution payment. Section 3664(k) provides that upon notification of any material change in the defendant's economic circumstances, the Sentencing Court may modify a defendant's restitution order "to adjust a payment schedule, or require immediate payment in full." 18 U.S.C. § 3664(k). First, the undersigned notes that Petitioner was sentenced in the Western District of Washington. Next, Section 3664(k) may not be used to modify or suspend restitution payments made through the IFRP. See United States v. Diggs, 578 F.3d 318, 320 (5th Cir. 2009)(noting that petitioner was not challenging the payment schedule established by the sentencing court, but was opposing his scheduled payment under IFRP); Snyder v. Butler, 2014 WL 3565984 * 5 (S.D.W.Va. June 11, 2014)("Section 3664(k) cannot be used to modify or suspend restitution payments made through the IFRP"). Accordingly, this Court has no authority to grant relief pursuant

to Section 3664(k). Based on the foregoing, the undersigned finds that Petitioner's Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY as moot** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1.), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document Nos. 2 and 3.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies

of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: January 6, 2015.

R. Clarke VanDervort
United States Magistrate Judge